1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12   JESSE ALEJANDRO,                    Case No. 15-CV-01385-LHK

13              Plaintiff,               **ORDER DENYING MOTION TO DISMISS**

14        v.                             Re: Dkt. No. 14

15   ST MICRO ELECTRONICS, INC,
                Defendant.
16

17

18        Defendant STMicroelectronics, Inc. has filed a motion to dismiss Plaintiff Jesse

19   Alejandro's first amended complaint.  ECF No. 14.  Having considered the parties' submissions,

20   the relevant law, and the record in this case, the Court DENIES Defendant's motion.

21   **I.      BACKGROUND**

22        **A.  Factual Background**

23        Defendant is a corporation incorporated in Delaware and with its principal place of

24   business in Texas.  ECF No. 2, Ex. A, ¶¶ 6-7.  Plaintiff, a graduate of Massachusetts Institute of

25   Technology, was employed by Defendant as a sales engineer in Santa Clara, California from

26   September 2012 until April 2014.  First Amended Complaint ("FAC"), ECF No. 12, ¶ 6.  Plaintiff

27   alleges that he was well qualified for the position of sales engineer, as well as hard-working and

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1  productive.  *Id.* ¶ 7.  Plaintiff alleges that he earned high performance ratings and a substantial pay

2  raise in 2013, his last full year of employment with Defendant.  *Id.*

3      Plaintiff alleges that he suffered from bipolar disorder, generalized anxiety disorder, and

4  debilitating allergies, among other unspecified medical conditions.  *Id.* ¶ 8.  According to the

5  FAC, Plaintiff's combination of medical conditions "limited many of Plaintiff's major life

6  activities including working, concentrating, performing tasks, caring for himself, and interacting

7  with others."  *Id.*  Additionally, Plaintiff alleges that "[o]n a few unforeseeable occasions, these

8  conditions have temporarily incapacitated Plaintiff such that he was unable to move or

9  communicate effectively."  *Id.*

10      In July 2013, Plaintiff suffered an episode of incapacitation that caused him to miss one

11  week of work.  *Id.* ¶ 9.  Plaintiff used regular sick days to excuse this weeklong absence.  *Id.*

12  Upon his return to work, Plaintiff discussed his medical conditions with his manager.  *Id.*  He

13  explained to his manager that "he was undergoing treatment" and that he would need

14  "accommodation in the form of occasional temporary time off and/or work from home."  *Id.*

15  Plaintiff's manager responded that "in the event of a future episode, [Plaintiff] should contact the

16  manager directly and avoid involving the human resources department."  *Id.*

17      Plaintiff again had an episode in mid-to-late March 2014 that required him to miss work.

18  *Id.* ¶ 10.  Plaintiff alleges that he "promptly informed his manager that his medical condition

19  rendered him unable to go to the office for several days."  *Id.*  On March 27, 2014, Plaintiff

20  contacted his manager and explained that he was "still extremely ill and unable to go in to work."

21  *Id.*  On April 1, 2014, Plaintiff again contacted his manager to explain that "he was still extremely

22  ill and unable to go in to work and needed additional time off."  *Id.*  For the next two days, April 2

23  and April 3, Plaintiff alleges that his "disabilities rendered him unable to work or to contact

24  [Defendant] in the morning."  *Id.*

25      On April 3, 2014, Defendant terminated Plaintiff's employment "for 'job abandonment'

26  based on two days without contact."  *Id.*  Plaintiff explained to Defendant that his absence and

27  inability to communicate with Defendant had been caused by his disabilities and Plaintiff provided

28
Case No. 15-CV-01385-LHK
ORDER DENYING MOTION TO DISMISS

1   Defendant with "documentation from a medical professional explaining the reasons behind his

2   incapacity and excusing him from work during the relevant time period" within a week of his

3   termination.  *Id.*  Defendant did not reconsider Plaintiff's termination.  *Id.* ¶¶ 10-11.

4       Plaintiff subsequently submitted to Defendant and to the Department of Fair Employment

5   and Housing ("DFEH") complaints of disability discrimination and denial of medical leave

6   stemming from his discharge.  *Id.* ¶ 11.  The DFEH issued Right-to-Sue Notices to Plaintiff.  *Id.*

7       **B.  Procedural History**

8       Plaintiff filed suit in the Santa Clara County Superior Court on February 24, 2015.  *See*

9   ECF No. 2, Ex. A, ¶ 1.  On March 25, 2015, Defendant filed a notice of removal based on

10  diversity jurisdiction.  *See* ECF Nos. 1-2.  The case was assigned to the undersigned judge on

11  April 1, 2015.  ECF No. 8.

12      On April 1, 2015, Defendant filed a motion to dismiss Plaintiff's complaint.  ECF No. 9.

13  Plaintiff filed the FAC on April 14, 2015, ECF No. 12, and Defendant withdrew its motion to

14  dismiss on April 22, 2015, ECF No. 13.

15      On May 1, 2015, Defendant filed a motion to dismiss the FAC.  ECF No. 14.  Plaintiff

16  filed a response on May 15, 2015, ECF No. 15, and Defendant filed a reply on May 22, 2015, ECF

17  No. 16.

18  **II.    LEGAL STANDARD**

19      Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint

20  for failure to state a claim upon which relief can be granted.  Such a motion tests the legal

21  sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In considering

22  whether the complaint is sufficient, the Court must accept as true all of the factual allegations

23  contained in the complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, the Court need

24  not accept as true "allegations that contradict matters properly subject to judicial notice or by

25  exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or

26  unreasonable inferences."  *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)

27  (citation omitted).  While a complaint need not allege detailed factual allegations, it "must contain

28

Case No. 15-CV-01385-LHK
ORDER DENYING MOTION TO DISMISS

United States District Court
Northern District of California

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that

a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

## III.    DISCUSSION

Plaintiff's FAC brings eight causes of action: (1) disability discrimination in violation of

California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 *et seq.*; (2)

failure to provide reasonable accommodation in violation of FEHA; (3) failure to engage in a good

faith, interactive process, in violation of FEHA; (4) failure to prevent discrimination under FEHA;

(5) violation of the California Family Rights Act ("CFRA"), Cal. Gov't Code § 12945.2; (6)

wrongful termination in violation of California public policy; (7) disability discrimination in

violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; and (8)

violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.  See* FAC.  In

addition to general and special damages, the FAC requests injunctive and declaratory relief and

punitive damages.  *Id.*  Defendant moves to dismiss each of Plaintiff's causes of action for failure

to state a claim.  Defendant additionally moves to dismiss Plaintiff's requests for declaratory relief

and punitive damages.

### A.  Disability Discrimination under FEHA and the ADA

Defendant first argues that Plaintiff's first and seventh causes of action fail to state causes

of action for disability discrimination under either FEHA or the ADA.  Defendant raises the same

arguments with regard to both disability discrimination causes of action, so the Court addresses

the disability discrimination claims under FEHA and the ADA together.

FEHA provides that it is an unlawful employment practice "[f]or an employer, because of

the . . . physical disability, mental disability, [or] medical condition . . . of any person . . . to bar or

discharge the person from employment or from a training program leading to employment, or to

Case No. 15-CV-01385-LHK
ORDER DENYING MOTION TO DISMISS

United States District Court
Northern District of California

United States District Court
Northern District of California

discriminate against the person in compensation or in terms, conditions, or privileges of employment." Cal. Gov't Code § 12940.  The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability . . . ." 42 U.S.C. § 12112(a).

In order to state a claim for disability discrimination under FEHA and the ADA, Plaintiff must allege that: (1) Plaintiff suffers from a disability; (2) Plaintiff is otherwise qualified to do his job; and (3) Plaintiff was subjected to an adverse employment action because of his disability.  *See Brundage v. Hahn*, 57 Cal. App. 4th 228, 236 (1997); *Humphrey v. Memorial Hospitals Ass'n*, 239 F.3d 1128, 1133 (9th Cir. 2001).

Defendant argues that Plaintiff has failed to state a claim for disability discrimination under FEHA and the ADA because (1) Plaintiff fails to allege that he suffers from a disability, and (2) Plaintiff fails to allege that he was terminated because of his disability.  ECF No. 14 at 4-8. Defendant does not dispute that Plaintiff is qualified to do his job.  *See id.*  The Court addresses each of Defendant's arguments in turn.

### 1. Qualifying disabilities under FEHA and the ADA

FEHA defines a mental disability as "[h]aving any mental or psychological disorder or condition, such as intellectual disability, organic brain syndrome, emotional or mental illness, or specific learning disabilities, that limits a major life activity." Cal. Gov't Code § 12926(j)(1). "A mental or psychological disorder or condition limits a major life activity if it makes the achievement of the major life activity difficult." *Id.* § 12926(j)(1)(B). "Major life activities" under FEHA are broadly construed and include "physical, mental, and social activities and working." *Id.* § 12926(j)(1)(C). The definition of physical disability under FEHA includes "[h]aving any physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss" that affects one of several body systems and limits a major life activity. *Id.* § 12926(m). FEHA explicitly provides that bipolar disorder is considered a qualifying disability. *Id.* § 12926.1(c).

The ADA defines a disability as "(A) a physical or mental impairment that substantially

5

limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Plaintiff's claim under the ADA is based on the first of these prongs. *See* FAC; *see also* ECF No. 15 ("[T]he FAC alleges many limited activities, and that in extreme situations Plaintiff's conditions render him unable to move or communicate."). "An impairment 'substantially limits' one's ability to carry out a major life activity if, because of the impairment, the individual is '[s]ignificantly restricted as to the condition, manner, or duration under which an individual can perform a major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.'" *Humphrey*, 239 F.3d at 1135 (quoting 29 C.F.R. § 1630.2(j)). Courts have held that a plaintiff must allege his disability with specificity to state a claim under the ADA. *See Bell v. University of California Davis Medical Center*, No. 2:11-cv-1864, 2013 WL 1896318, at *4 (E.D. Cal. May 6, 2013) ("While the court presumes, based on vague statements in the SAC, that plaintiff suffers from anemia, it is plaintiff's responsibility to allege his disability with specificity."). A plaintiff additionally must specify what major life activities his disability limits. *See Fonseca v. City of Chico*, No. 2:13-cv-1603, 2014 WL 2574610, at *3 (E.D. Cal. June 9, 2014).

Defendant argues that Plaintiff has failed to sufficiently allege that he has a qualifying disability under FEHA and the ADA. ECF No. 14 at 5-6. Although Defendant acknowledges that Plaintiff has alleged that he suffers from various specific illnesses and allegedly limited major life activities, Defendant argues that Plaintiff has not identified which conditions limit which of the major life activities listed in the FAC. *Id.* Consequently, Defendant argues that "it cannot be determined whether Plaintiff's impairment 'substantially limits' his ability to perform the identified major life activities." *Id.* at 6.

The Court finds that Plaintiff has sufficiently alleged that he suffers from a qualifying disability under FEHA and the ADA. Plaintiff's FAC states that Plaintiff suffers from bipolar disorder, generalized anxiety disorder, and debilitating allergies. FAC ¶ 8. By listing the specific conditions from which Plaintiff suffers, Plaintiff satisfies the requirement that the FAC allege his

Case No. 15-CV-01385-LHK
ORDER DENYING MOTION TO DISMISS

United States District Court
Northern District of California

disability with specificity.  *See Bell*, 2013 WL 1896318, at *4.  Additionally, bipolar disorder is explicitly listed as a qualifying disability under FEHA.  Cal. Gov't Code § 12926.1(c).

The FAC further alleges that "these conditions and their interactions" limit Plaintiff's ability to work, concentrate, perform tasks, care for himself, and interact with others.  FAC ¶ 8.  Furthermore, the FAC alleges that Plaintiff's medical conditions sometimes incapacitate Plaintiff such that he is "unable to move or communicate effectively."  *Id.*  Moving and communicating effectively are major life activities under both FEHA and the ADA.  *See* C.F.R. § 1630.2(i)(1)(i) (defining "major life activities" to include "walking" and "communicating"); Cal. Gov't Code § 12926(j)(1)(C) (stating that "major life activities" are to be construed broadly and to include "physical, mental, and social activities").  A complete inability to move or communicate effectively therefore is a substantial limitation of major life activities.  *See Humphrey*, 239 F.3d at 1135.  Thus, Plaintiff has alleged that his medical conditions—bipolar disorder, generalized anxiety disorder, and debilitating allergies—significantly limit at least two major life activities.  This satisfies both the ADA and FEHA definitions of a disability.  *See* 42 U.S.C. § 12102(1); Cal. Gov't Code § 12926(j)(1).

Defendant further argues that Plaintiff has not alleged which of the three medical conditions limits which of the listed major life activities.  ECF No. 14 at 6.  However, Defendant provides no support for the proposition that the Plaintiff must be able to disaggregate the effects of his disability in this manner.  *Id.*  Moreover, Plaintiff alleges that it is the interactions between his three medical conditions that result in limitations to major life activities.  *See* FAC ¶ 8.  Even if Plaintiff were required to identify which conditions limit which activities, Plaintiff has sufficiently alleged that it is the combination of all three conditions that results in his limitations.

Therefore, the Court finds that Plaintiff has alleged that he suffers from a disability for purposes of FEHA and the ADA.

### 2.  Termination because of a disability

Defendant next argues that Plaintiff fails to state a claim for disability discrimination under either FEHA or the ADA because Plaintiff has not alleged that he was terminated because of his

7

disability.

Courts apply the same standards under FEHA and the ADA to assess whether a plaintiff was terminated because of a disability. *See, e.g.*, *Humphrey*, 239 F.3d at 1133 n.6, 1139-40 (analyzing whether the plaintiff was fired because of his disability under FEHA and the ADA together "[b]ecause the FEHA provisions relating to disability discrimination are based on the ADA"); *Faust v. Cal. Portland Cement Co.*, 150 Cal. App. 4th 864, 887 (2007) (applying ADA case law to claim of disability discrimination under FEHA). In addition to alleging a qualifying disability, Plaintiff must allege "actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were based on a [prohibited] discriminatory criterion." *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 355 (2000). A plaintiff must show that the employer knew of the employee's disability in order to show that the employee was terminated because of the disability. *Brundage*, 57 Cal. App. 4th at 236-37. "[A]n employer knows an employee has a disability when the employee tells the employer about his condition, or when the employer otherwise becomes aware of the condition, such as through a third party or by observation." *Faust*, 150 Cal. App. 4th at 887 (quoting *Schmidt v. Safeway Inc.*, 864 F. Supp. 991, 997 (D. Or. 1994)). "While knowledge of the disability can be inferred from the circumstances, knowledge will only be imputed to the employer when the fact of disability is the only reasonable interpretation of the known facts. Vague or conclusory statements revealing an unspecified incapacity are not sufficient to put an employer on notice of its obligations" under FEHA and the ADA. *See Avila v. Continental Airlines, Inc.*, 165 Cal. App. 4th 1237, 1248 (2008) (quoting *Brundage*, 57 Cal. App. 4th at 237); *see also Morisky v. Broward Cty.*, 80 F.3d 445, 448 (11th Cir. 1996). A supervisor's knowledge of an employee's disability is imputed to the employer because "[a] supervisor is the employer's agent for purposes of vicarious liability for unlawful discrimination." *Cal. Fair Emp't & Housing Comm'n v. Gemini Aluminum Corp.*, 122 Cal. App. 4th 1004, 1015 (2004).

When the employer knows of the employee's disability, "conduct resulting from a disability is considered to be part of the disability, rather than a separate basis for termination.

8

The link between the disability and termination is particularly strong where it is the employer's failure to reasonably accommodate a known disability that leads to discharge for performance inadequacies resulting from that disability." *Humphrey*, 239 F.3d at 1139-40 (citations omitted). Thus, a plaintiff sufficiently alleges that the plaintiff's termination was based on the plaintiff's disability where a plaintiff's absenteeism is caused by a known disability and the plaintiff is terminated based on absenteeism. *Id.*; *see also Kimbro v. Atlantic Richfield Co.*, 889 F.2d 869, 875 (9th Cir. 1989).

Defendant argues that Plaintiff has not alleged that he was terminated because of his disabilities for two reasons: (1) because Plaintiff fails to allege that Defendant knew of Plaintiff's disability, and (2) because Plaintiff's termination was caused by his absenteeism not his disability. ECF No. 14 at 6-8. Neither argument is persuasive.

As to whether Defendant knew of Plaintiff's disability, the FAC alleges that, in July of 2013, "Plaintiff discussed with his direct manager his conditions, their effects on him, the fact that he was undergoing treatment, and the need for accommodation in the form of occasional temporary time off and/or work from home." FAC ¶ 9. Defendant argues that the FAC alleges only that Plaintiff "told his manager that he was receiving treatment for an illness and that he may miss work or need to work from home from time to time." ECF No. 14 at 7. This mischaracterizes Plaintiff's allegations. The FAC alleges that Plaintiff told his supervisor about "his conditions"—namely, bipolar disorder, generalized anxiety disorder, and debilitation allergies—not about a generic illness. FAC ¶¶ 8-9. Thus, this case is unlike *King v. Permanente Medical Group*, No. 2:13-1560, 2013 WL 5305907 (E.D. Cal. Sept. 19, 2013), on which Defendant relies. In *Permanente Medical Group*, the plaintiff alleged only that she told her supervisor that she had been "ill" with what appeared to be the flu and that she required sick leave for one week. *Id.* at *1. The court found that this was insufficient to establish that her employer knew of her disability because informing her supervisor that she was ill for a one-week period did not provide her supervisor with notice of a disability. *Id.* at *8. Here, by contrast, Plaintiff alleges that he told his supervisor about his disabling conditions. FAC ¶ 9. This is an allegation that

Case No. 15-CV-01385-LHK
ORDER DENYING MOTION TO DISMISS

Plaintiff's supervisor knew about Plaintiff's disability.  Because "[a] supervisor is the employer's agent for purposes of vicarious liability for unlawful discrimination," the allegation that Plaintiff informed his supervisor about Plaintiff's disability is sufficient to allege that Defendant knew about Plaintiff's disability.  *Cal. Fair Emp't & Housing Comm'n*, 122 Cal. App. 4th at 1015.

Defendant additionally argues that "the FAC concedes that [Plaintiff's] termination was due to his unexcused absence, **not** because of his disability" because Plaintiff alleges that he was terminated for "job abandonment" after he was unable to work or contact Defendant for two days in a row.  ECF No. 14 at 7.  However, as Defendant acknowledges, *see id.*, the FAC alleges that Plaintiff was absent for work for two days in a row without contacting Defendant because Plaintiff's disabilities rendered him unable to work or to contact Defendant.  FAC ¶ 10. Therefore, Plaintiff alleges that his absenteeism was the result of his disabilities.  *See id.*  Although Plaintiff was terminated for this absenteeism, Plaintiff has sufficiently alleged that he was terminated because of his disability because the absenteeism was caused by his known disability. *See Humphrey*, 239 F.3d at 1139-40.

Consequently, the Court denies Defendant's motion to dismiss the first and seventh causes of action for disability discrimination under FEHA and the ADA.

### B.  Failure to Provide Reasonable Accommodation

Defendant next argues that the Court should dismiss Plaintiff's second cause of action for failure to provide reasonable accommodation under FEHA.

FEHA makes it an unlawful employment practice "[f]or an employer . . . to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee."  Cal. Gov't Code § 12940(m).  In order to state a claim for failure to provide reasonable accommodation, Plaintiff must allege that he suffers from a physical or mental disability, that he is a qualified individual, and that Defendant failed to reasonably accommodate Plaintiff's disability.  *Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 256 (2000).

Defendant does not dispute that Plaintiff is a qualified individual, and the Court has found that Plaintiff suffers from a disability under FEHA.  *See supra.*  Defendant argues that Plaintiff's

10

United States District Court
Northern District of California

claim for failure to provide reasonable accommodation should nevertheless fail because Plaintiff fails to allege that Plaintiff requested reasonable accommodation.  ECF No. 14 at 8-9.  In support of this argument, Defendant cites *Gelfo v. Lockheed Martin Corp.*, 140 Cal. App. 4th 34, 54 (2006), for the proposition that "the employee must request an accommodation" in order to trigger the employer's duty to provide a reasonable accommodation.  ECF No. 14 at 8; *see Gelfo*, 140 Cal App. 4th at 54 (citing *Prilliman v. United Air Lines, Inc.*, 53 Cal. App. 4th 935, 954 (1997)).  However, *Gelfo*, which did not involve a dispute over whether the employee had requested an accommodation, misstates the holding of *Prilliman*.  *Prilliman* in fact found that the "suggestion that the disabled employee must first come forward and request a specific accommodation before the employer has a duty to investigate such accommodation" was "without merit."  53 Cal. App. 4th at 954.  The court in *Prilliman* concluded that an employer who knows of the disability of an employee has "an affirmative duty" to make reasonable accommodations for that employee's disability "unless the employer can demonstrate that doing so would impose an 'undue hardship.'"  *Id.* at 947, 950-51.

Nevertheless, "[a]n employee cannot demand clairvoyance of his employer."  *King v. United Parcel Serv., Inc.*, 152 Cal. App. 4th 426, 443 (2007).  "It is an employee's responsibility to understand his or her own physical or mental condition well enough to present the employer at the earliest opportunity with a concise list of restrictions which must be met to accommodate the employee."  *Id.* (quoting *Jensen*, 85 Cal. App. 4th at 266).  At the same time, "[e]mployees do not have at their disposal the extensive information concerning possible alternative positions or possible accommodations which employers have," so employees do not bear the entire burden of identifying reasonable accommodations.  *Jensen*, 85 Cal. App. 4th at 262.  "Holding a job open for a disabled employee who needs time to recuperate or heal is in itself a form of reasonable accommodation and may be all that is required where it appears likely that the employee will be able to return to an existing position at some time in the foreseeable future."  *Id.* at 263.  The Ninth Circuit has held in reference to a Washington statute similar to FEHA, *see Prilliman*, 53 Cal. App. 4th at 949 & n.3, that, "[a]s long as at the time of [the plaintiff's] termination, there were plausible

Case No. 15-CV-01385-LHK
ORDER DENYING MOTION TO DISMISS

United States District Court
Northern District of California

reasons to believe that the handicap could have been accommodated by [a] leave of absence, [the employer] is responsible for its failure to offer such a leave." *Kimbro*, 889 F.2d at 878 (brackets omitted).

Here, Plaintiff alleges that Plaintiff informed Defendant of his disabilities. *See* FAC ¶ 9. This triggered an affirmative duty for Defendant to provide reasonable accommodation to Plaintiff. *See Prilliman*, 53 Cal. App. 4th at 947, 950-51. Additionally, Plaintiff alleges that he requested "accommodation in the form of occasional temporary time off and/or work from home." FAC ¶ 9. Because Plaintiff alleges that he told Defendant he would need to take occasional time off of work, Plaintiff met his responsibility to alert Defendant to the type of accommodation Plaintiff required. *See United Parcel Serv.*, 152 Cal. App. 4th at 443. Permitting Plaintiff to take time off in April 2014 when he experienced incapacitation due to his disabilities would have been a form of reasonable accommodation, *see Jensen*, 85 Cal. App. 4th at 262, yet Plaintiff alleges that Defendant did not permit Plaintiff to return to work after his absence, FAC ¶ 10. Plaintiff therefore alleges that Defendant failed to make reasonable accommodation for his disability.

For these reasons, the Court denies Defendant's motion to dismiss Plaintiff's second cause of action for failure to provide reasonable accommodation.

**C. Failure to Engage in the Interactive Process**

Defendant argues that the court should dismiss Plaintiff's third cause of action for failure to engage in the interactive process required by FEHA.

FEHA makes it unlawful "[f]or an employer or other entity covered by this part to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition." Cal. Gov't Code § 12940(n). So long as the employee is disabled and qualified to perform his job duties, the employer has an affirmative duty "to explore further methods of accommodation before terminating [the employee]." *Humphrey*, 239 F.3d at 1137. However, "an employer may be held liable for failing to engage in the good faith interactive

Case No. 15-CV-01385-LHK
ORDER DENYING MOTION TO DISMISS

United States District Court
Northern District of California

1  process only if a reasonable accommodation was available." *Nadaf-Rahrov v. Neiman Marcus*

2  *Group, Inc.*, 166 Cal. App. 4th 952, 979-81 (2008).  The good faith interactive process requires

3  that "both sides must communicate directly, exchange essential information and neither side can

4  delay or obstruct the process." *Id.* at 984-85 (alterations omitted).  "[T]he trial court's ultimate

5  obligation is to isolate the cause of the breakdown [in the interactive process] and then assign

6  responsibility," so the employer may be liable only if the employer is responsible for the

7  breakdown of the interactive process.  *Id.* at 985 (alterations omitted).

8       Defendant argues that Plaintiff fails to state a claim for failure to engage in the interactive

9  process because Plaintiff has not sufficiently alleged a disability, Plaintiff failed to allege that his

10  disability was known to Defendant, and Plaintiff does not allege that Defendant failed to engage

11  with Plaintiff about his "illness."  ECF No. 14 at 9-10.  The Court has already found that Plaintiff

12  has alleged that he was disabled and that his disability was known to Defendant.  *See supra.*

13       As to whether Defendant failed to engage with Plaintiff about his disability, the Court has

14  already held that the FAC alleges that Plaintiff's disability could be reasonably accommodated but

15  that Defendant failed to provide reasonable accommodation.  *See supra*.  The FAC further alleges

16  that Plaintiff described his disability and his need for accommodation to Defendant in July of

17  2013, FAC ¶ 9, informed Defendant multiple times that his medical condition would require him

18  to take time off in March and April of 2014, *id.* ¶ 10, and explained the reasons for Plaintiff's

19  absences to Defendant after his period of temporary incapacitation ended, *id.*  Through these

20  overtures at communication and disclosure, Plaintiff satisfied his obligations to "communicate

21  directly" and "exchange essential information." *Nadaf-Rahrov*, 166 Cal. App. 4th at 984-85.

22  Despite Plaintiff's explanation of his disability and need for accommodation, the FAC alleges that

23  Defendant terminated Plaintiff while Plaintiff was absent for his disability and then refused to

24  reconsider Plaintiff's termination after Plaintiff provided documentation that his absence was

25  caused by his disability.  FAC ¶ 10.  These allegations show that Defendant failed to meet its duty

26  "to explore further methods of accommodation before terminating [Plaintiff]." *Humphrey*, 239

27  F.3d at 1137; *see also Nadaf-Rahrov*, 166 Cal. App. 4th at 984-85.  This is sufficient to state a

28

13

1   claim against Defendant for failure to engage in the interactive process.  *See Nadaf-Rahrov*, 166

2   Cal. App. 4th at 985.

3          Therefore, the Court denies Defendant's motion to dismiss Plaintiff's third cause of action

4   for failure to engage in the interactive process.

5   **D.  Failure to Prevent Discrimination**

6          Plaintiff's fourth cause of action is for failure to prevent discrimination under FEHA.

7   Under FEHA, it is an unlawful employment practice "[f]or an employer . . . to fail to take all

8   reasonable steps necessary to prevent discrimination and harassment from occurring."  Cal. Gov't

9   Code § 12940(k).  In order to state a claim under § 12940(k), a plaintiff must show three elements:

10  "1) plaintiff was subjected to discrimination, harassment or retaliation; 2) defendant failed to take

11  all reasonable steps to prevent discrimination, harassment or retaliation; and 3) this failure caused

12  plaintiff to suffer injury, damage, loss or harm."  *Leland v. City & Cty. of S.F.*, 576 F. Supp. 2d

13  1079, 1103 (N.D. Cal. 2008).  Section 12940(k) applies to "an employer who knew or should have

14  known of discrimination or harassment" and "fail[s] to take prompt remedial action."  *Vierra v.*

15  *Cal. Highway Patrol*, 644 F. Supp. 2d 1219, 1245 (E.D. Cal. 2009).

16         Defendant argues that the FAC does not state a claim for failure to prevent discrimination

17  because Plaintiff has not alleged that he was subject to discrimination and because Plaintiff has not

18  alleged that Defendant knew of any discrimination against Plaintiff.  ECF No. 14 at 10-11.  The

19  Court has already found that the FAC alleges all the elements of disability discrimination.  *See*

20  *supra.*  The FAC additionally alleges that Plaintiff's supervisor knew of Plaintiff's disability

21  before Defendant terminated Plaintiff, and this knowledge is imputed to Defendant.  *Cal. Fair*

22  *Emp't & Housing Comm'n*, 122 Cal. App. 4th at 1015.  Moreover, Plaintiff alleges that, after he

23  was terminated, Plaintiff provided additional documentation to Defendant about his disability and

24  the reason for his absences, but that Defendant refused to reconsider his termination.  FAC ¶ 10.

25  This is a sufficient allegation that Defendant was "an employer who knew or should have known

26  of discrimination" yet "fail[ed] to take prompt remedial action."  *Vierra*, 644 F. Supp. 2d at 1245.

27         Therefore, the Court denies Defendant's motion to dismiss Plaintiff's fourth cause of

28

United States District Court
Northern District of California

action for failure to prevent discrimination.

**E. Violation of CFRA and FMLA**

Defendant argues that Plaintiff's fifth and eighth claims fail to state causes of action for violation of CFRA and FMLA respectively. Defendant raises the same arguments with regard to both the CFRA and FMLA causes of action, so the Court addresses the CFRA and FMLA claims together.

In order to state a claim for violation of CFRA, Plaintiff must allege that: "(1) the defendant was an employer covered by CFRA; (2) the plaintiff was an employee eligible to take CFRA leave; (3) the plaintiff exercised her right to take leave for a qualifying CFRA purpose; and (4) the plaintiff suffered an adverse employment action, such as termination, fine, or suspension, because of her exercise of her right to CFRA leave." *Dudley v. Dep't of Transp.*, 90 Cal. App. 4th 255, 261 (2001).

Similarly, in order to state a claim for violation of FMLA, a plaintiff must allege that: "(1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him FMLA benefits to which he was entitled." *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011).

Both CFRA and FMLA require the employee to provide notice to the employer of the employee's intent to take leave. *McDaneld v. E. Mun. Water Dist. Bd.*, 109 Cal. App. 4th 702, 706 (2003). FMLA leave requires the employee to provide the employer "at least 30 days advance notice before FMLA leave is to begin if the need for the leave is foreseeable." C.F.R. § 825.302(a). CFRA requires the employee to "give reasonable advance notice" if the need for leave is foreseeable. *McDaneld*, 109 Cal. App. 4th at 706; Cal. Gov't Code § 12945.2(h). Where the need for leave is unforeseeable, both federal and state law require "such notice as is practicable, depending on the facts and circumstances of the case." *McDaneld*, 109 Cal. App. 4th at 706; *Avila*, 165 Cal. App. 4th at 1257; C.F.R. § 825.303(a). "An employer may not deny leave for a medical emergency because the employee did not provide advance notice." *Avila*, 165 Cal.

15

United States District Court
Northern District of California

1    App. 4th at 1257.

2         To constitute notice under FMLA, "the critical question is whether the information

3    imparted to the employer is sufficient to reasonably apprise it of the employee's request to take

4    time off for a serious health condition."  *Mora v. Chem-Tronics, Inc.*, 16 F. Supp. 2d 1192, 1209

5    (S.D. Cal. 1998) (alterations omitted) (quoting *Manuel v. Westlake Polymers Corp.*, 66 F.3d 758,

6    764 (5th Cir. 1995)).  The FMLA "does not require an employee to invoke the language of the

7    statute to gain its protections when notifying her employer of her need for leave for a serious

8    health condition."  *Manuel*, 66 F.3d at 764.  "[F]or employees who make their employers aware

9    that they or a family member suffers from a chronic illness, and subsequently call in sick because

10   of that illness, a generalized notice may suffice."  *Mora*, 16 F. Supp. at 1210.

11        Similarly, under CFRA, "[t]he employee need not expressly assert rights under CFRA or

12   FMLA, or even mention CFRA or FMLA, to meet the notice requirement; however, the employee

13   must state the reason the leave is needed . . . .  The employer should inquire further of the

14   employee if it is necessary to have more information about whether CFRA leave is being sought

15   by the employee and obtain the necessary details of the leave to be taken."  *Avila*, 165 Cal. App.

16   4th at 1256.  The employer must be on notice that the employee is requesting leave for a "serious

17   health condition that makes the employee unable to perform the functions of the position of that

18   employee."  *Gibbs v. Am. Airlines, Inc.*, 74 Cal. App. 4th 1, 7 (1999).  Merely calling in sick for

19   cold or flu symptoms is not sufficient.  *Id.* at 7-9; *see also Avila*, 165 Cal. App. 4th at 1255.

20   However, calling in sick during an absence and providing hospital forms describing a serious

21   health condition upon return to work is sufficient notice.  *Avila*, 165 Cal. App. 4th at 1258.

22        Defendant argues that Plaintiff's FAC fails to state a claim for violation of either CFRA or

23   FMLA because Plaintiff fails to allege that he notified Defendant of his need to take a leave of

24   absence under CFRA or FMLA.  *See* ECF No. 14 at 11-14.  However, Plaintiff alleges that he did

25   notify his supervisor in March of 2014 that Plaintiff's medical conditions required him to take

26   time off work.  FAC ¶ 10.  Plaintiff further alleges that he kept Defendant apprised of his

27   continuing need for leave on March 27, 2014 and April 1, 2014.  *Id.*  Because Plaintiff had

28

16

*United States District Court*
*Northern District of California*

1  previously told his supervisor about Plaintiff's disability and need to take occasional leaves of

2  absence, Plaintiff gave Defendant notice that Plaintiff was not merely sick but was suffering from

3  a serious health condition.  *See Mora*, 16 F. Supp. 2d at 1209; *Gibbs*, 74 Cal. App. 4th at 7.

4  Plaintiff alleges that he made Defendant aware that he suffered from a chronic condition and then

5  called in sick for that condition.  This was sufficient to give Defendant notice that Plaintiff's leave

6  would qualify for FMLA and CFRA.  *See Mora*, 16 F. Supp. 2d at 1210.

7  Furthermore, with respect to April 2 and 3, the two days on which Plaintiff did not call in

8  sick, Plaintiff alleges that he was temporarily rendered unable to contact Defendant on those days.

9  FAC ¶ 10.  This sudden incapacitation from illness was unforeseeable, and as such, Plaintiff was

10  not required to provide advance notice of his need for leave for those two days.  *McDaneld*, 109

11  Cal. App. 4th at 706; *Avila*, 165 Cal. App. 4th at 1257; C.F.R. § 825.303(a).  Plaintiff alleges that

12  he promptly provided Defendant with information about his incapacitation within a week, thus

13  satisfying the requirement under CFRA and FMLA to provide "such notice as is practicable."

14  FAC ¶ 10; *McDaneld*, 109 Cal. App. 4th at 706; *Avila*, 165 Cal. App. 4th at 1257; C.F.R.

15  § 825.303(a).

16  Therefore, the Court finds that Plaintiff's FAC sufficiently alleges that Plaintiff provided

17  Defendant with notice of his need to take CFRA and FMLA leave.  The Court denies Defendant's

18  motion to dismiss Plaintiff's fifth and eighth causes of action for violation of CFRA and FMLA.

19  **F.  Wrongful Termination**

20  Plaintiff's sixth cause of action is for wrongful termination in violation of California public

21  policy.  Discrimination under FEHA can support a claim for wrongful termination in violation of

22  public policy in California.  *See Stevenson v. Super. Ct.*, 16 Cal. 4th 880, 897 (1997); *Rojo v.*

23  *Kliger*, 52 Cal. 3d 65, 89-91 (1990); *Kelley v. Conco Cos.*, 196 Cal. App. 4th 191, 214 (2011).  In

24  particular, "FEHA's policy prohibiting disability discrimination in employment is sufficiently

25  substantial and fundamental to support a claim for wrongful termination in violation of public

26  policy."  *Rope v. Auto-Chlor System of Wash., Inc.*, 220 Cal. App. 4th 635, 660 (2013).

27  Defendant argues that Plaintiff fails to state a claim for wrongful termination because

28

17

1    Plaintiff cannot establish a discrimination cause of action under FEHA.  ECF No. 14 at 14.

2    Because the Court finds that Plaintiff has sufficiently pled a cause of action under FEHA, the

3    Court denies Defendant's motion to dismiss the cause of action for wrongful termination.

4    **G.  Declaratory Relief**

5           In addition to damages, the FAC requests injunctive relief in the form of reinstatement to

6    Plaintiff's previous job with Defendant and declaratory relief.  Defendant argues that the Court

7    should dismiss Plaintiff's prayer for declaratory relief.

8           Under 28 U.S.C. § 2201, "any court of the United States, upon the filing of an appropriate

9    pleading, may declare the rights and other legal relations of any interested party seeking such

10   declaration, whether or not further relief is or could be sought."  However, "[a] claim for

11   declaratory relief is unnecessary where an adequate remedy exists under some other cause of

12   action."  *Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009).  At the same

13   time, the Court has "unique and substantial discretion in deciding whether to declare the rights of

14   litigants."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995).  The mere availability of other

15   appropriate remedies does not preclude declaratory relief.  *See Powell v. McCormack*, 395 U.S.

16   486, 499 (1969).

17          Here, Plaintiff seeks "a declaration of his fair employment rights and Defendant's anti-

18   discrimination duties and responsibilities, and a declaration of the illegality of Defendant's actions

19   and failures to act."  FAC ¶ 58.  Defendant argues that the Court should dismiss Plaintiff's request

20   for declaratory relief because it "does not entitle him to any relief beyond that which he seeks

21   through his substantive claims."  ECF No. 16 at 9; *see also* ECF No. 14 at 14-15.  Defendant is

22   correct that Plaintiff's request for declaratory relief would be redundant if Plaintiff is able to

23   recover damages or injunctive relief through his other causes of action.  *See* FAC.  However, the

24   California Supreme Court has held that damages and orders for reinstatement may not be granted

25   where, despite a plaintiff's successful showing of unlawful discrimination under FEHA, the

26   defendant can show that the defendant would have terminated the plaintiff even in the absence of

27   discrimination.  *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 2011 (2013).  In these cases

28

Case No. 15-CV-01385-LHK
ORDER DENYING MOTION TO DISMISS

United States District Court
Northern District of California

1    where damages and reinstatement are unavailable to a prevailing plaintiff, the California Supreme

2    Court has provided that declaratory relief may be an appropriate remedy.  *Id.*  Thus, the Court

3    finds that it would be premature to dismiss Plaintiff's claim for declaratory relief, as Defendant

4    may later argue that it would have terminated Plaintiff's employment even in the absence of any

5    disability discrimination.  *See Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1101 (N.D.

6    Cal. 2006) (denying as premature motion to dismiss declaratory relief claim at pleading stage).

7          The Court therefore denies Defendant's motion to dismiss Plaintiff's request for

8    declaratory relief.

9          **H.  Punitive Damages**

10         Defendant's final challenge to Plaintiff's FAC is that Plaintiff fails to allege sufficient facts

11   to support Plaintiff's request for punitive damages.  ECF No. 14 at 15-19.

12         Because the Court is sitting in diversity jurisdiction, California Civil Code § 3294 provides

13   the governing substantive law for punitive damages in this case, and the pleading standard for

14   punitive damages is provided by the Federal Rules of Civil Procedure.  *See Rees v. PNC Bank,*

15   *N.A.*, No. 14-CV-5232, 2015 WL 1548952 (N.D. Cal. Apr. 7, 2015) (holding that in diversity

16   jurisdiction cases, Cal. Civ. Code § 3294 provides the governing substantive law for punitive

17   damages, but that the Federal Rules of Civil Procedure provide the pleading standard for cases in

18   federal courts); *Kelley Moore Paint Co., Inc. v. Nat'l Union Fire Ins. Co.*, No. 14-CV-1797, 2014

19   WL 2119996, at *3 (N.D. Cal. May 21, 2014) (same); citing *Tamburri v. Suntrust Mortg'g, Inc.*,

20   No. 11-2899, 2012 WL 3582924, at *3 (N.D. Cal. Aug. 20, 2012) (same); *Clark v. Allstate Ins.*

21   *Co.*, 106 F. Supp. 2d 1016, 1018 (S.D. Cal. 2000) (same); *Somera v. Indymac Fed. Bank, FSB*,

22   No. 09-1947, 2010 WL 761221 (E.D. Cal. Mar. 3, 2010) (same).

23         Under Cal. Civ. Code § 3294:

24         (a) In an action for the breach of an obligation not arising from contract, where it
            is proven by clear and convincing evidence that the defendant has been guilty
25          of oppression, fraud, or malice, the plaintiff, in addition to the actual damages,
            may recover damages for the sake of example and by way of punishing the
26          defendant.
        (b) An employer shall not be liable for damages pursuant to subdivision (a), based
27          upon acts of an employee of the employer, unless the employer had advance

28
Case No. 15-CV-01385-LHK
ORDER DENYING MOTION TO DISMISS

> knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.

Cal. Civ. Code § 3294(a)-(b).

To satisfy the federal pleading standard for punitive damages, a plaintiff "may include a 'short and plain' prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent." *Rees*, 2015 WL 1548952, at *6; *Clark*, 106 F. Supp. 2d at 1018.

Plaintiff's claim for punitive damages alleges that:

> Defendant's actions as set forth in each of the causes of action above were taken with malice, fraud, or oppression, and in reckless disregard for Plaintiff's rights. Specifically ST intentionally violated the FEHA, ADA, CFRA and FMLA, as described above.  Said acts were carried out, authorized and ratified by officers and managing agents acting within the course and scope of their employment with Defendant and with the intent to injure Plaintiff.  Plaintiff is therefore entitled to recover an award of punitive and exemplary damages under Civil Code section 3294.

FAC ¶ 57.

Defendant argues that Plaintiff has failed to plead sufficient factual allegations to support his prayer for punitive damages.  ECF No. 14 at 15-19.  Defendant contends that Plaintiff's allegations fail to allege facts to satisfy both the general standard set forth in Cal. Civ. Code § 3294(a) for recovery of punitive damages in cases of "oppression, fraud, or malice," as well as the requirements in § 3294(b) for recovery of punitive damages from a corporate employer for the conduct of its employees.  ECF No. 14 at 15-19.  Specifically, Defendant argues that to recover punitive damages under Cal. Civ. Code § 3294, "a plaintiff must plead facts sufficient to establish that the defendant acted with 'oppression, fraud or malice,'" ECF No. 14 at 17; that "*facts* must be alleged to support an award of punitive damages, rather than mere conclusions," *id.* at 15; and that "a plaintiff must state such claims with specificity," *id.* at 16.  Defendant argues that Plaintiff has not alleged facts showing that the actions taken against him were undertaken by a director, officer, or managing agent of Defendant, *id.* at 16-17, and that Plaintiff has not alleged facts showing that

Case No. 15-CV-01385-LHK
ORDER DENYING MOTION TO DISMISS

United States District Court
Northern District of California

1   the actions taken were done with "oppression, fraud, or malice," *id.* at 17-19.

2         Although Defendant states that Plaintiff's allegations "fail to satisfy the requirements of

3   [sic] set forth in *Iqbal* and *Twombly*," *id.* at 18, Defendant cites only California cases describing

4   the heightened pleading standard required for punitive damages under California law.  *See, e.g.*,

5   *Turman v. Turning Point of Cent. Cal., Inc.*, 191 Cal. App. 4th 53, 63-64 (2010); *Grieves v. Super.*

6   *Ct.*, 157 Cal. App. 3d 159, 166-67 (1985).  However, California's heightened pleading

7   requirements for punitive damages conflict with, and are overruled in federal court by, Federal

8   Rules of Civil Procedure 8 and 9, the rules governing federal pleading standards.  *See Rees*, 2015

9   WL 1548952, at *6; *Kelley Moore Paint Co.*, 2014 WL 2119996, at *3.  In federal court, a

10  plaintiff "may include a 'short and plain' prayer for punitive damages that relies entirely on

11  unsupported and conclusory averments of malice or fraudulent intent."  *Rees*, 2015 WL 1548952,

12  at *6; *see also Clark*, 106 F. Supp. 2d at 1018.

13        Plaintiff's FAC satisfies the federal pleading standard by reciting "a short and plain prayer

14  for punitive damages" that satisfies each of the substantive requirements of Cal. Civ. Code § 3294.

15  *See Rees*, 2015 WL 1548952, at *6; *Clark*, 106 F. Supp. 2d at 1018.  The FAC also avers that each

16  of the causes of action in the FAC was taken with "malice, fraud, or oppression."  FAC ¶ 57.  The

17  FAC additionally alleges that each of these acts was "carried out, authorized and ratified by

18  officers and managing agents acting within the course and scope of their employment with

19  Defendant and with the intent to injure Plaintiff."  *Id.*  Thus, Plaintiff's FAC contains allegations

20  satisfying both the substantive requirements of Cal. Civ. Code § 3294 and the federal pleading

21  requirements of a "short and plain prayer for punitive damages."  *See Clark*, 106 F. Supp. 2d at

22  1018.

23        Therefore, the Court denies Defendant's motion to dismiss Plaintiff's request for punitive

24  damages.

25  **IV.   CONCLUSION**

26        For the foregoing reasons, the Court DENIES Defendant's motion to dismiss Plaintiff's

27  FAC.

28
    Case No. 15-CV-01385-LHK
    ORDER DENYING MOTION TO DISMISS

1    **IT IS SO ORDERED.**

2

3    Dated: September 9, 2015

4                                                        _____

5                                                        LUCY H. KOH
                                                         United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
     Case No. 15-CV-01385-LHK
     ORDER DENYING MOTION TO DISMISS

United States District Court
Northern District of California

22