E-Filed 3/28/16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE ALEJANDRO,<br><br>   Plaintiff,<br><br>   v.<br><br>ST MICRO ELECTRONICS, INC,<br><br>   Defendant. | Case No.  15-cv-01385-LHK   (HRL)<br><br>**ORDER ON DISCOVERY DISPUTE JOINT REPORT 1**<br><br>Re: Dkt. No. 40 |

    Jesse Alejandro ("Alejandro") sues STMicroelectronics, Inc. ("STM") for disability discrimination and failure to provide medical leave time. Alejandro bases his claims on STM's decision to terminate his employment when he was allegedly incapacitated for several days by depression, anxiety, and allergies. STM defends itself, in part, with the argument that Alejandro did not provide STM notice of his disability, his need for accommodation, or his need for medical leave. Dkt. No. 40 at 2. The parties dispute in Discovery Dispute Joint Report ("DDJR") 1 whether STM should produce "[a]ll text messages . . . between [Alejandro] and [his former manager]" that were sent between September 4, 2012 and April 4, 2014. Dkt. No. 40 at 2.

**Discussion**

    The parties met on February 10, 2016 to discuss whether STM should produce "[a]ll messages from Plaintiff's work email account." The parties were unable to resolve their email dispute at that time and so they prepared to submit a DDJR. Alejandro, meanwhile, deposed his former manager Sean McCale ("McCale") on February 17, 2016, and McCale admitted that he had received "a text message with links to websites with information on [Alejandro]'s condition" before Alejandro had been fired. *See* Dkt. No. 40 at 3. On the next day, Alejandro sent STM an email that proposed a compromise for the email dispute. Alejandro's email also requested the production of any yet-unproduced text messages that were sent between Alejandro and McCale

1   from September 4, 2012 to April 4, 2014.

2   STM asserts that "[t]he parties have agreed to the compromise on email production" that
3   was proposed by Alejandro on February 18.  Dkt. No. 40 at 3.  Alejandro's portion of DDJR 1
4   describes past events that relate to the email dispute, but Alejandro does not address STM's
5   assertion that parties have already agreed to resolve that dispute in the manner proposed by
6   Alejandro.  Dkt. No. 40 at 3.  The undersigned is therefore persuaded that the email dispute has
7   already been resolved by the parties and the court shall address only the text-message dispute.

8   STM asserts that McCale misspoke and that McCale does not, in fact, specifically
9   remember receiving any text message with links to informative websites until after Alejandro had
10  already been fired.  Dkt. No. 40 at 4.  STM argues McCale may have misremembered the contents
11  of an already-produced text message which invited McCale to look up information about
12  Alejandro's conditions.  Dkt. No. 40 at 5.  STM also believes McCale may have been
13  misremembering the timing of post-employment text messages that he received from Alejandro.
14  Dkt. No. 40 at 5.  STM does not know how many text messages would be responsive to
15  Alejandro's request, but STM speculates it might be unreasonably burdensome to produce the
16  "many hundreds or more text messages" that might exist and be responsive.  Dkt. No. 40 at 5.
17  Lastly, STM argues Alejandro's request is procedurally improper because the parties did not
18  discuss the text-message dispute in person as required by the undersigned's Standing Order re:
19  Civil Discovery Disputes.  STM therefore proposes that it produce, at most, the post-employment
20  text messages McCale may have had in mind when he gave his deposition testimony.

21  Alejandro justifies his request for "[a]ll text messages (not yet produced) between
22  [Alejandro] and McCale from 9/4/12 to 4/4/14" by referencing his second and third requests for
23  production ("RFP") under Federal Rule of Civil Procedure ("FRCP") 34(a).  Those RFPs timely
24  requested "[a]ll text messages sent to ST[M]'s mobile phone used by [Alejandro] during his
25  employment" and all text messages received by that same phone in that same timeframe.  Dkt. No.
26  53 at 3.  STM's responses under FRCP 34(b) included boilerplate objections about undue burden,
27  overbreadth, irrelevance, and a low likelihood of the requested production leading to admissible
28  evidence.  Dkt. No. 54 at 5.  Nevertheless, STM also agreed in those responses to produce

"responsive documents from the relevant time period that are within its possession, custody, or control to the extent such documents exist." Dkt. No. 54 at 5.

STM has failed to persuade the court that STM should not produce the text messages presently requested by Alejandro to the extent that any such text messages are responsive to Alejandro's second or third RFP. *See* Fed. R. Civ. P. 34(a)(1). The undersigned is persuaded that Alejandro seeks text messages that would be significantly probative of the lack-of-notice defense raised by STM. The court is also persuaded that the burden of producing text messages responsive to the second or third RFPs would be proportional to the needs of this case: (1) any such text message is relevant to establishing whether STM had notice of Alejandro's conditions; (2) STM has better access than Alejandro to any such text message; (3) the full set of the requested text messages shall tend to establish or else refute STM's lack-of-notice defense; and (4) STM merely speculates that there might be hundreds of responsive text messages and that therefore the production of those text messages might impose an indeterminate "burden" on STM. *See* Fed. R. Civ. P. 26(b)(1).

The court rejects the argument that Alejandro's requested relief should be denied for lack of an in-person discussion about the text-message dispute. Fact discovery had already been closed for two days before McCale's deposition gave Alejandro a reasonable basis to suspect that STM might have withheld discoverable text messages responsive to past RFPs. The parties therefore, under Civil Local Rule 37-3 and the undersigned's Standing Order re: Civil Discovery Disputes, had only a few days left to prepare and file DDJR 1. Under these circumstances the undersigned finds good cause to excuse the lack of an in-person meeting.

The court therefore resolves the present discovery dispute in favor of Alejandro to the extent that he seeks a specific sub-set of any unproduced text messages that are responsive to his second and third RFPs. By April 5, 2016 STM shall produce the unproduced text messages, if any, that satisfy each of the following four conditions: (1) they are in STM's possession, custody, or control; (2) they were sent between Alejandro and McCale; (3) they were sent or received through the phone STM provided for Alejandro's use; and (4) they were sent or received before

3

STM fired Alejandro.

**IT IS SO ORDERED.**

Dated: 3/28/16

HOWARD R. LLOYD
United States Magistrate Judge

4