United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JESSE ALEJANDRO,<br><br>        Plaintiff,<br><br>    v.<br><br>ST MICRO ELECTRONICS, INC,<br><br>        Defendant. | Case No. 15-CV-01385-LHK<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 44-4 |

Defendant STMicroelectronics, Inc. has filed a motion for summary judgment on all of Plaintiff Jesse Alejandro's claims.  ECF No. 44-4 ("Mot.").  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the motion hearing and case management conference set for April 14, 2016.  Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Defendant's motion.

I.      **BACKGROUND**

    **A.  Factual Background**

    Below, the Court relies primarily upon Plaintiff's deposition, Plaintiff's declaration, and the exhibits to Plaintiff's deposition and declaration to summarize the undisputed facts regarding

1

1   Plaintiff's employment with Defendant.

2       Defendant is a corporation incorporated in Delaware and with its principal place of

3   business in Texas.  ECF No. 2, Ex. A, ¶¶ 6-7.  Plaintiff was employed by Defendant as a sales

4   engineer in Santa Clara, California from September 2012 until April 2014.  Decl. of Jesse

5   Alejandro ("Alejandro Decl."), ECF No. 47-3, ¶¶ 1-2; Alejandro Depo., Exhs. Vol. I, ECF No. 44-

6   8.

7       During the time Plaintiff worked for Defendant, Defendant had a policy that "[t]wo no

8   call-ins within any twelve month rolling period, including 2 consecutive days with no notification

9   will be considered job abandonment and is cause for immediate termination."  Alejandro Depo.,

10  Exhs. Vol. I.  Plaintiff received a copy of this policy at or about the time Plaintiff began to work

11  for Defendant, and Plaintiff understood that to be Defendant's policy from the time Plaintiff began

12  to work for Defendant.  Alejandro Depo., Vol. I Part 2, at 102:4-103:1.

13      According to Plaintiff, Plaintiff suffers a variety of mental and physical health disorders,

14  which Plaintiff and Plaintiff's psychologist hypothesize includes bipolar disorder, generalized

15  anxiety disorder, and debilitating allergies.  FAC ¶ 8; Alejandro Decl. ¶¶ 9-11.  During Plaintiff's

16  employment with Defendant, Plaintiff's combination of medical conditions occasionally resulted

17  in Plaintiff suffering periods of severe anxiety that required Plaintiff to miss work.  Alejandro

18  Decl. ¶¶ 12-13; Alejandro Depo., Exhs. Vol. I.  One of the symptoms of Plaintiff's anxiety is

19  "avoidance of social situations which would elicit anxiety reaction."  Deposition of Charles Baker,

20  ECF No. 47-5, at 10:19-11:9; 11:15-18.

21      In July 2013, Plaintiff suffered an episode of incapacitation that caused him to miss one

22  week of work.  Alejandro Depo., Vol. I Part 2, ECF No. 44-7, at 120:11-121:10.  At some point

23  during this absence, Plaintiff's parents contacted Defendant's human resources department to let

24  Defendant know that Plaintiff was sick.  *Id.*  Plaintiff used regular sick days to excuse this

25  weeklong absence.  *Id.*  Upon his return to work, Plaintiff informed his manager, Sean McCale,

26  that Plaintiff suffered from bipolar disorder and generalized anxiety disorder.  *Id.* at 121:11-24.

27  Plaintiff explained to McCale that Plaintiff's anxiety sometimes rendered Plaintiff unable to work.

28

Case No. 15-CV-01385-LHK
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

1    *Id.* McCale responded that in the future Plaintiff—or "a parent, or some other representative of

2    [Plaintiff's]"—should contact McCale directly when Plaintiff's anxiety required him to miss work

3    so that McCale could arrange coverage for Plaintiff for the days when Plaintiff would be absent.

4    *Id.* at 122:1-5, 131:15-21; Alejandro Decl. ¶ 22.

5          In October 2013, Plaintiff was involuntarily hospitalized due to concerns over Plaintiff's

6    mental health.  Alejandro Depo., Vol. I Part 2 at 145:3-20.  Plaintiff missed one or two days of

7    work due to the hospitalization.  *Id.* at 145:23-146:1.  While Plaintiff was in the hospital, Plaintiff

8    had his parents contact Defendant's human resources department to state that Plaintiff was ill.  *Id.*

9    at 145:15-20.  When McCale learned that Plaintiff was in the hospital, McCale sent Plaintiff an

10   email reiterating McCale's request that in the future either Plaintiff or Plaintiff's representative

11   contact McCale directly when Plaintiff required time off of work.  Alejandro Depo., Exhs. Vol. I.

12   In the email, McCale additionally encouraged Plaintiff to contact The Hartford, which

13   administered Defendant's disability benefits program.  *Id.*  Plaintiff did not contact The Hartford.

14   Alejandro Depo., Vol. I Part 2, at 160:9-12.

15         In November 2013, Plaintiff informed McCale that Plaintiff was depressed.  Alejandro

16   Depo., Exhs. Vol. II.  In response, McCale offered to provide Plaintiff with the phone number for

17   a counseling program provided by Defendant's human resources department, but Plaintiff declined

18   McCale's offer.  *Id.*

19         Plaintiff again had a mental health episode in mid March 2014 that required him to miss

20   work.  Alejandro Depo., Exhs. Vol. I.  On March 17, 2014, after Plaintiff had been absent from

21   work for a week, McCale sent an email to Plaintiff stating that because Plaintiff had missed a

22   week of work due to health issues, Plaintiff "will need to provide to Hartford the reasons from

23   [Plaintiff's] medical doctor of why [Plaintiff has] been absent." *Id.*  In the email, McCale

24   additionally informed Plaintiff that Defendant could provide further services to Plaintiff through

25   the Employee Assistance Programs.  *Id.*  McCale encouraged Plaintiff to contact human resources

26   and review Defendant's leave of absence programs.  *Id.*  McCale further reminded Plaintiff of

27   Defendant's policy that a two-day absence "without calling and without showing is cause for

28

3

United States District Court
Northern District of California

1    termination." *Id.*

2        On March 19, 2014, while Plaintiff was still absent from work, McCale emailed Plaintiff to

3    set out McCale's expectations for Plaintiff's communication.  Alejandro Decl. ¶ 25; Errata to

4    Mot., Exh. A, ECF No. 50-1.  One of McCale's requests was that if Plaintiff was ill and would not

5    be at work, Plaintiff would call, email, or text McCale before 9 a.m.  Errata to Mot., Exh. A.

6    McCale asked Plaintiff to "acknowledge [Plaintiff's] receipt and hopeful agreement to the above

7    expectations." *Id.*  The same day, Plaintiff responded by email to McCale and confirmed in

8    writing that Plaintiff had "received, agree[d] with, and underst[ood]" McCale's requirements for

9    Plaintiff.  Alejandro Depo., Vol. I Part 2, at 183:1-184:15, 189:10-14; Errata to Mot., Exh. A;

10   Alejandro Decl. ¶ 25.  Plaintiff never told McCale that Plaintiff might not be able to notify

11   McCale of Plaintiff's absences.  Alejandro Depo., Vol. I Part 2 at 190:9-13.

12       Plaintiff again was absent from work on March 31, 2014; April 1, 2014; April 2, 2014; and

13   April 3, 2014.  Alejandro Depo., Vol. II at 338:2-341:5; Alejandro Depo., Exhs. Vol. 1.  Plaintiff

14   alleges in the FAC that on these days Plaintiff suffered from an "inability to communicate" in

15   addition to an inability to work.  FAC ¶ 10.

16       McCale sent text messages to Plaintiff at 9:17 a.m. and 1:03 p.m. on March 31, 2014.

17   Alejandro Depo., Vol. II at 338:2-18; Alejandro Depo., Exhs. Vol. II.  Plaintiff did not respond to

18   McCale's text messages or otherwise contact McCale on March 31.  Alejandro Depo., Vol. II at

19   338:2-339:1; Alejandro Depo., Exhs. Vol. II.  On March 31, 2014, Plaintiff placed four phone

20   calls lasting between 1 to 18 minutes each, none of which were to McCale or Defendant, and

21   Plaintiff took an 18-minute income phone call from a caller other than McCale or Defendant.

22   Alejandro Depo., Exhs. Vol. II.  Plaintiff additionally visited at least five websites, including

23   Facebook, Bing, LinkedIn, CNN and Gmail on March 31.  *Id.*

24       On April 1, 2014, McCale texted Plaintiff at 9:15 a.m.  Alejandro Depo., Vol. II at 338:19-

25   22; Alejandro Depo., Exhs. Vol. II.  Plaintiff replied to McCale's text at 3:46 p.m. on April 1,

26   2014, saying "I'm in a nasty hole."  Alejandro Depo., Exhs. Vol. II.  McCale then sent another text

27   to Plaintiff at 4:25 p.m. on April 1, 2014, saying "We need to have a face to face meeting

28

United States District Court
Northern District of California

4

Case No. 15-CV-01385-LHK
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

1    tomorrow.  I need to leave the office at 9:30.  I need to see you at 9:00 or before."  *Id.*  Plaintiff did

2    not respond to McCale's second text on April 1, nor did Plaintiff call McCale on April 1.  *Id.*;

3    Alejandro Depo., Vol. II at 339:9-23.  On April 1, 2014, Plaintiff placed six phone calls, lasting

4    between 2 to 31 minutes each, none of which were to McCale or Defendant.  Alejandro Depo.,

5    Exhs. Vol. II.  Plaintiff additionally visited at least five websites, including Facebook, Chartbeat,

6    Fox, LinkedIn, and CNN on April 1.  *Id.*

7           On April 2, 2014, there was no communication by phone or by text between McCale and

8    Plaintiff.  Alejandro Depo., Vol II at 339:24-340:4; Alejandro Depo., Exhs. Vol. II.  Plaintiff

9    placed 11 phone calls, lasting between 1 to 48 minutes each, none of which were to McCale or

10   Defendant.  Alejandro Depo., Exhs. Vol. II.  Plaintiff also took 6 incoming phone calls, lasting

11   between 1 to 46 minutes each, from callers other than McCale or Defendant.  *Id.*  Plaintiff

12   additionally visited at least five websites, including Facebook, Apple, Gmail, Vice, and Outbrain.

13   *Id.*  Plaintiff also posted a note to Plaintiff's Facebook page and exchanged eleven messages on

14   Plaintiff's Facebook wall on April 2.  *Id.*

15          On April 3, 2014, McCale texted Plaintiff at 8:58 a.m., saying "Please call me immediately

16   to discuss your employment status at ST."  Alejandro Depo., Exhs. Vol. II; Alejandro Decl. ¶ 28;

17   Alejandro Depo., Vol. II. At 340:18-341:1.  Plaintiff responded to McCale's text at 2:19 p.m. to let

18   McCale know that he was available to talk.  Alejandro Depo. Exhs. Vol. II.  Plaintiff and McCale

19   then spoke on the phone, and McCale informed Plaintiff that Plaintiff had been terminated for job

20   abandonment.  Alejandro Depo., Vol. II at 340:2-8; Alejandro Decl. ¶ 28.  Other than the phone

21   call in which McCale informed Plaintiff that he had been terminated, Plaintiff did not call McCale

22   on April 3.  Alejandro Depo., Exhs. Vol. II.  On April 3, 2014, prior to Plaintiff's call to McCale,

23   Plaintiff placed 5 phone calls lasting between 1 to 23 minutes, none of which were to McCale or

24   Defendant.  *Id.*  Plaintiff additionally visited at least five websites, including Megashare,

25   Koramgame, AdParlour, GrubHub, and PayPal.  *Id.*  Plaintiff also posted a note to Plaintiff's

26   Facebook page and exchanged thirteen messages on Plaintiff's Facebook wall on April 3.  *Id.*

27          After Plaintiff learned of his termination, Plaintiff obtained a letter from Dr. Charles Baker

28   
Case No. 15-CV-01385-LHK
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

United States District Court
Northern District of California

1   asking to excuse Plaintiff from work from March 28, 2014 through April 9, 2014 due to "severe

2   anxiety related to his debilitating seasonal allergies."  Alejandro Depo., Exhs. Vol. II; Alejandro

3   Decl. ¶ 28.  Plaintiff provided the letter to Defendant, but Defendant did not reinstate Plaintiff.

4   Alejandro Decl. ¶ 28.

5        **B.  Procedural History**

6        Plaintiff filed suit in the Santa Clara County Superior Court on February 24, 2015.  *See*

7   ECF No. 2, Ex. A, ¶ 1.  On March 25, 2015, Defendant filed a notice of removal based on

8   diversity jurisdiction.  *See* ECF Nos. 1-2.  The case was assigned to the undersigned judge on

9   April 1, 2015.  ECF No. 8.

10       On April 1, 2015, Defendant filed a motion to dismiss Plaintiff's complaint.  ECF No. 9.

11  Plaintiff filed the FAC on April 14, 2015, ECF No. 12, and Defendant withdrew its motion to

12  dismiss on April 22, 2015, ECF No. 13.

13       On May 1, 2015, Defendant filed a motion to dismiss the FAC.  ECF No. 14.  Plaintiff

14  filed a response on May 15, 2015, ECF No. 15, and Defendant filed a reply on May 22, 2015, ECF

15  No. 16.  The Court denied the motion to dismiss on September 9, 2015.  ECF No. 28.

16       Defendant filed the instant motion for summary judgment on February 29, 2016.  Mot.,

17  ECF No. 44-4.  Plaintiff filed an opposition on March 14, 2016.  ECF No. 48 ("Opp.").  Defendant

18  filed errata to Defendant's motion on March 17, 2016, ECF No. 50, and a reply on March 21,

19  2016, ECF No. 52 ("Reply").

20  **II.    LEGAL STANDARD**

21       Summary judgment is appropriate if, viewing the evidence and drawing all reasonable

22  inferences in the light most favorable to the nonmoving party, there are no genuine issues of

23  material fact, and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a);

24  *Celotex Corp. v. Catrett*, 477 U.S. 317, 321 (1986).  At the summary judgment stage, the Court

25  "does not assess credibility or weigh the evidence, but simply determines whether there is a

26  genuine factual issue for trial."  *House v. Bell*, 547 U.S. 518, 559-60 (2006).  A fact is "material"

27  if it "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby,*

28

6

1    *Inc.*, 477 U.S. 242, 248 (1986), and a dispute as to a material fact is "genuine" if there is sufficient

2    evidence for a reasonable trier of fact to decide in favor of the nonmoving party, *id.*  "If the

3    evidence is merely colorable, or is not significantly probative, summary judgment may be

4    granted."  *Id.* (citations omitted).

5         The moving party bears the initial burden of identifying those portions of the pleadings,

6    discovery, and affidavits that demonstrate the absence of a genuine issue of material fact.  *Celotex*

7    *Corp.*, 477 U.S. at 323.  Where the moving party will have the burden of proof on an issue at trial,

8    it must affirmatively demonstrate that no reasonable trier of fact could find other than for the

9    moving party, but on an issue for which the opposing party will have the burden of proof at trial,

10   the party moving for summary judgment need only point out "that there is an absence of evidence

11   to support the nonmoving party's case."  *Id.* at 325; *accord Soremekun v. Thrifty Payless, Inc.*, 509

12   F.3d 978, 984 (9th Cir. 2007).  Once the moving party meets its initial burden, the nonmoving

13   party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that

14   there is a genuine issue for trial."  *Anderson*, 477 U.S. at 250.

## III.    DISCUSSION

16        Plaintiff asserts eight causes of action against Defendant: (1) disability discrimination in

17   violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900

18   *et seq.*; (2) failure to provide reasonable accommodation in violation of the FEHA; (3) failure to

19   engage in a good faith, interactive process, in violation of the FEHA; (4) failure to prevent

20   discrimination under the FEHA; (5) violation of the California Family Rights Act ("CFRA"), Cal.

21   Gov't Code § 12945.2; (6) wrongful termination in violation of California public policy; (7)

22   disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C.

23   § 12101, *et seq.*; and (8) violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601,

24   *et seq.  See* FAC.  In addition to general and special damages, the FAC requests injunctive and

25   declarative relief and punitive damages.  *Id.*  Defendant moves for summary judgment on each of

26   Plaintiff's causes of action, as well as on Plaintiff's requests for declarative relief and punitive

27   damages.

28

Case No. 15-CV-01385-LHK
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### A. Disability Discrimination under the FEHA and the ADA

Defendant first argues that Defendant is entitled to summary judgment on Plaintiff's first and seventh causes of action for disability discrimination under either the FEHA or the ADA. Defendant raises the same arguments with regard to both disability discrimination causes of action, so the Court addresses the disability discrimination claims under the FEHA and the ADA together.

The FEHA provides that it is an unlawful employment practice "[f]or an employer, because of the . . . physical disability, mental disability, [or] medical condition . . . of any person . . . to bar or discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."  Cal. Gov't Code § 12940.  The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability . . . ."  42 U.S.C. § 12112(a).

Claims for disability discrimination under both the FEHA and the ADA are subject to the *McDonnell Douglas* burden shifting framework.  *Curley v. City of N. Las Vegas*, 772 F.3d 629, 632 (9th Cir. 2014) (applying the *McDonnell Douglas* framework to a disability discrimination claim brought under the ADA); *Zeinali v. Raytheon Co.*, 636 F.3d 544, 546 (9th Cir. 2011) (applying the *McDonnell Douglas* framework to a disability discrimination claim brought under the FEHA).  Under the *McDonnell Douglas* framework, "an employee challenging an adverse employment action has the initial burden of establishing a prima facie case of discrimination." *Curley*, 772 F.3d at 632.  Once the plaintiff establishes a prima facie case of discrimination, the burden "shifts to the employer to provide a legitimate, nondiscriminatory . . . reason for the adverse employment action.  If the employer does so, then the burden shifts back to the employee to prove that the reason given by the employer was pretextual."  *Id.*  If the employer has met its burden of providing a legitimate, nondiscriminatory reason for the adverse employment action and the employee has not raised a genuine material fact dispute as to whether the employer's reasons were pretextual, the Court need not address whether the employee has met the employee's burden

8

Case No. 15-CV-01385-LHK
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

1    to establish a prima facie case of discrimination.  *Id.*

2          In the instant case, the Court finds that Defendant has provided a legitimate,

3    nondiscriminatory reason for Plaintiff's termination and that Plaintiff has not raised a genuine

4    material fact dispute as to whether Defendant's reason was pretextual.  Accordingly, the Court

5    need not address whether Plaintiff has met his burden of establishing a prima facie case of

6    discrimination.  *See id.*

7          Defendant's stated reason for Plaintiff's termination was job abandonment.  Alejandro

8    Depo., Vol. II at 340:2-8; Alejandro Decl. ¶ 28; Mot. at 14.  The undisputed facts show that

9    Plaintiff's multiple unreported absences between March 31, 2014 and April 3, 2014 violated

10   Defendant's job abandonment policy and thus qualified Plaintiff for termination.  Plaintiff

11   conceded at his deposition that Plaintiff was aware of Defendant's policy on job abandonment,

12   which provides that the failure to call in an absence for two days in any twelve-month period is

13   grounds for termination.  Alejandro Depo., Vol. I Part 2, at 102:4-103:1.  Plaintiff further

14   conceded at his deposition that he violated Defendant's policy on job abandonment.  *Id.* at 200:1-

15   16.  Moreover, Plaintiff conceded at his deposition and in his declaration that on March 19,

16   2014—two weeks prior to Plaintiff's termination—Plaintiff confirmed to McCale in writing that

17   Plaintiff would let McCale know by 9 a.m. any day that Plaintiff would not be able to work.

18   Alejandro Depo., Vol. I Part 2, at 183:1-184:15, 189:10-14; Alejandro Decl. ¶ 25.  Plaintiff never

19   told McCale that Plaintiff might not be able to notify McCale of Plaintiff's absences.  Alejandro

20   Depo., Vol. I Part 2 at 190:9-13.  Plaintiff conceded at his deposition that Plaintiff violated his

21   agreement with McCale to notify McCale by 9 a.m. any day Plaintiff would miss work.  *Id.* at

22   200:1-16.

23         Plaintiff's efforts to show that Defendant's enforcement of the job abandonment policy

24   was pretextual are unavailing.  First, Plaintiff argues that McCale and Defendant "knew, or should

25   have known, that Plaintiff lacked capacity to enter into an agreement or to perform at that time, yet

26   deliberately set him up for termination by taking advantage of his medical situation."  Opp. at 11-

27   12.  However, Plaintiff provides no support for this argument.  Plaintiff does not explain what

28

United States District Court
Northern District of California

9

1   agreement Plaintiff argues he lacked the capacity to enter or to perform.  Assuming Plaintiff is

2   arguing that Plaintiff lacked the capacity to enter into or to perform the agreement with McCale to

3   call in any sick days by 9 a.m., Plaintiff does not identify and the Court has not found any

4   evidence in the record that Plaintiff lacked the capacity to enter into or to perform such an

5   agreement, let alone that McCale or Defendant knew or should have known of Plaintiff's lack of

6   capacity.  Plaintiff conceded at his deposition that Plaintiff never told McCale that Plaintiff might

7   not be able to notify McCale of any absences.  Alejandro Depo., Vol. I Part 2 at 190:9-13.

8           Second, Plaintiff argues that "firing an employee for absenteeism related to known

9   disabilities equates to firing the employee for the disability itself."  Opp. at 12.  In support of this

10  argument, Plaintiff cites *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128 (9th Cir. 2001).

11  However, *Humphrey* is distinguishable from the instant case.  In *Humphrey*, the employee was

12  terminated for tardiness and absenteeism.  *Id.* at 1133.  The employee in *Humphrey* suffered from

13  obsessive compulsive disorder ("OCD"), and prior to her termination, her treating psychologist

14  provided her employer with a letter indicating that the employee's OCD directly contributed to her

15  attendance problems.  *Id.* at 1131.  In reviewing the district court's grant of summary judgment to

16  the defendant in *Humphrey*, the Ninth Circuit held that the employee had met her burden to show

17  a material factual dispute regarding the reason for her termination because the employee had

18  produced evidence that her attendance problems were caused by her OCD.  *Id.* at 1139-40.  The

19  Ninth Circuit further held that "[t]he link between the disability and termination is particularly

20  strong where it is the employer's failure to reasonably accommodate a known disability that leads

21  to discharge for performance inadequacies resulting from that disability."  *Id.* at 1140.

22          By contrast, in the instant case, Plaintiff was not fired because he needed to take days off

23  work.  The undisputed facts show that Defendant permitted Plaintiff to take days off work for his

24  disability whenever necessary, provided that Plaintiff, Plaintiff's parents, or someone representing

25  Plaintiff let McCale know that Plaintiff would be absent by 9 a.m.  Alejandro Depo., Vol. I Part 2,

26  at 183:1-184:15, 189:10-14; Errata to Mot., Exh. A; Alejandro Decl. ¶ 25; Alejandro Depo., Exhs.

27  Vol. I.  Instead, Plaintiff was terminated for Plaintiff's failure to let McCale or Defendant know

28

Case No. 15-CV-01385-LHK
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

1   when Plaintiff needed to take days off of work.  Alejandro Depo., Vol. II at 340:2-8; Alejandro

2   Decl. ¶ 28.  Plaintiff has not identified and the Court has not found any evidence in the record that

3   Plaintiff's disability prevented Plaintiff from informing McCale or Defendant by 9 a.m. on March

4   31, 2014; April 1, 2014; April 2, 2014; or April 3, 2014 that Plaintiff would not work those days.

5   The letter provided by Plaintiff's psychologist, Dr. Baker, to excuse Plaintiff's absence from work

6   stated only that Plaintiff was absent from work due to anxiety relating to his seasonal allergies and

7   did not state that Plaintiff was unable to communicate with Defendant.  Alejandro Depo., Exhs.

8   Vol. II; Alejandro Decl. ¶ 28.  Furthermore, Plaintiff confirmed in writing to McCale on March

9   19, 2014 that Plaintiff would notify McCale before 9 a.m. on any day Plaintiff would be absent

10  from work.  Errata to Mot., Exh. A.

11         Moreover, Plaintiff concedes that McCale told Plaintiff that someone other than Plaintiff

12  could let McCale know when Plaintiff would be out sick.  Alejandro Decl. ¶ 22.  Indeed,

13  Plaintiff's parents had contacted McCale on Plaintiff's behalf when Plaintiff missed work due to

14  his illness in July 2013 and October 2013.  Alejandro Depo., Vol. I Part 2, at 120:11-121:10,

15  145:15-20.  The undisputed evidence shows that contrary to Plaintiff's assertion in the FAC that

16  Plaintiff was "temporarily incapacited . . . such that he was unable to move or communicate

17  effectively," FAC ¶¶ 8, 10, on March 31, 2014; April 1, 2014; April 2, 2014; and April 3, 2014,

18  Plaintiff was able to communicate with individuals or entities other than McCale or Defendant.

19  Specifically, Plaintiff made four, six, eleven, and five phone calls on March 31, April 1, April 2,

20  and April 3, respectively; none of these 26 calls were to McCale or Defendant.  Alejandro Depo.,

21  Exhs. Vol. II.  Some of these phone calls lasted as long as 31 or 48 minutes.  Id.  Additionally,

22  Plaintiff visited multiple websites, including Facebook, Gmail, LinkedIn, CNN, Fox, Bing,

23  Chartbeat, Vice, Outbrain, Megashare, Koramgame, AdParlour, GrubHub and PayPal, on the four

24  days leading up to Plaintiff's termination.  Id.  On April 2 and April 3, Plaintiff sent and received

25  24 messages through Plaintiff's Facebook wall.  Id.  Plaintiff does not explain why Plaintiff could

26  not call or Facebook message someone else and ask that person to contact McCale or Defendant

27  on Plaintiff's behalf.

28

United States District Court
Northern District of California

11

Case No. 15-CV-01385-LHK
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

1    Finally, Plaintiff argues that his disability discrimination claims should be allowed to

2    proceed under a disparate impact theory because Defendant's job abandonment policy provides

3    preferential treatment to the physically disabled over the mentally disabled.  Opp. at 12.  However,

4    to prove a disparate impact theory, Plaintiff would need to provide "substantial statistical evidence

5    sufficient to raise an inference that the disparate impact fell upon employees" of a protected group.

6    *Katz v. Regents of the Univ. of Calif.*, 229 F.3d 831, 836 (9th Cir. 2000).  Plaintiff has not

7    provided any statistical evidence that Defendant's policy has a disparate impact on the mentally

8    disabled, so Plaintiff's disparate impact theory fails as a matter of law.  *See id.* (disparate impact

9    theory fails as a matter of law without substantial statistical evidence of causation).

10    Therefore, the Court concludes that Plaintiff has not met his burden of showing that

11    Defendant's reason for terminating Plaintiff was pretextual, and the Court GRANTS summary

12    judgment for Defendants as to Plaintiff's causes of action for disability discrimination under the

13    FEHA (claim one) and disability discrimination under the ADA (claim seven).

14    **B.  Failure to Provide Reasonable Accommodation as Required by the FEHA**

15    Defendant next argues that Defendant is entitled to summary judgment on Plaintiff's

16    second cause of action for failure to provide reasonable accommodation under the FEHA.

17    The FEHA makes it an unlawful employment practice "[f]or an employer . . . to fail to

18    make reasonable accommodation for the known physical or mental disability of an applicant or

19    employee."  Cal. Gov't Code § 12940(m).  An employer who knows of the disability of an

20    employee has "an affirmative duty" to make reasonable accommodations for that employee's

21    disability "unless the employer can demonstrate that doing so would impose an 'undue hardship.'"

22    *Prilliman v. United Air Lines, Inc.*, 53 Cal. App. 4th 935, 950-51 (1997).  Nevertheless, "[a]n

23    employee cannot demand clairvoyance of his employer."  *King v. United Parcel Serv., Inc.*, 152

24    Cal. App. 4th 426, 443 (2007).

25    "The burden of proving the availability of a reasonable accommodation rests on the

26    employee."  *Nadaf-Rahrov v. Neiman Marcus Grp., Inc.*, 166 Cal. App. 4th 952, 984 (2008).  "It is

27    an employee's responsibility to understand his or her own physical or mental condition well

28

12

Case No. 15-CV-01385-LHK
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

1   enough to present the employer at the earliest opportunity with a concise list of restrictions which

2   must be met to accommodate the employee." *King*, 152 Cal. App. 4th at 443 (quoting *Jensen v.*

3   *Wells Fargo Bank*, 85 Cal. App. 4th 245, 266 (2000)).  At the same time, "[e]mployees do not

4   have at their disposal the extensive information concerning possible alternative positions or

5   possible accommodations which employers have," so employees do not bear the entire burden of

6   identifying reasonable accommodations.  *Jensen*, 85 Cal. App. 4th at 262.  The Ninth Circuit has

7   held in reference to a Washington statute similar to the FEHA, *see Prilliman*, 53 Cal. App. 4th at

8   949 & n.3, that, "[a]s long as at the time of [the plaintiff's] termination, there were plausible

9   reasons to believe that the handicap could have been accommodated by [a] leave of absence, [the

10   employer] is responsible for its failure to offer such a leave." *Kimbro v. Atlantic Richfield Co.*,

11   889 F.2d 869, 878 (9th Cir. 1989) (brackets omitted).

12       In the instant case, the only accommodation Plaintiff argues Defendant should have

13   provided was a medical leave of absence.  Opp. at 12-14.  The undisputed evidence shows that

14   Defendant offered Plaintiff time off work and a formal leave of absence.  In July 2013, when

15   Plaintiff first told McCale that Plaintiff suffered from a disability that required Plaintiff to miss

16   work, McCale's only request to Plaintiff was that Plaintiff, Plaintiff's parents, or someone

17   representing Plaintiff contact McCale whenever Plaintiff needed time off from work.  Alejandro

18   Decl. ¶ 22.  McCale otherwise allowed Plaintiff to take time off work whenever necessary.  *Id.*

19       In October 2013, when Plaintiff missed work due to a psychiatric hospitalization, McCale

20   sent Plaintiff an email encouraging Plaintiff to contact The Hartford, Defendant's disability

21   benefits administrator.  Alejandro Depo., Exhs. Vol. I.  In November 2013, when Plaintiff told

22   McCale that Plaintiff was depressed, McCale offered to provide Plaintiff with the phone number

23   of a counseling program provided by Defendant's human resources department, but Plaintiff

24   declined McCale's offer.  Alejandro Depo., Exhs. Vol. II.  Then on March 17, 2014, when

25   Plaintiff had been absent from work for a week, McCale again sent an email to Plaintiff

26   encouraging Plaintiff to contact The Hartford.  Alejandro Depo., Exhs. Vol. I.  In the same email,

27   McCale alerted Plaintiff to Defendant's Employee Assistance Programs and encouraged Plaintiff

28

United States District Court
Northern District of California

13

1    to consider a leave of absence.  *Id.*  However, despite the fact that McCale repeatedly encouraged

2    Plaintiff to contact The Hartford, and despite the fact that McCale brought Defendant's counseling

3    program, Employee Assistance Programs, and leaves of absence programs to Plaintiff's attention,

4    Plaintiff did not contact The Hartford, accept the counseling program phone number, use the

5    Employee Assistance Programs, or take a leave of absence.  Alejandro Depo., Vol. I Part 2, at

6    160:9-12, 161:22-162:4, 167:21-168:4, 171:17-25.

7            Thus, the undisputed evidence shows that Defendant permitted Plaintiff to take time off

8    work as necessary and offered Plaintiff further accommodations through The Hartford, the

9    counseling program, the Emergency Assistance Programs, and a leave of absence.  By offering

10   these accommodations to Plaintiff, Defendant satisfied its obligation under the FEHA to provide

11   reasonable accommodation to Plaintiff's disability.  *Cf. Kimbro*, 889 F.2d at 878 (holding that the

12   employer must offer a medical leave of absence in order to satisfy the requirement of providing a

13   reasonable accommodation).  Accordingly, the Court GRANTS summary judgment for Defendant

14   as to Plaintiff's cause of action for failure to provide reasonable accommodation under the FEHA

15   (second claim).

16   **C.  Failure to Engage in the Interactive Process as Required by the FEHA**

17          Defendant next argues that Defendant is entitled to summary judgment on Plaintiff's third

18   cause of action for failure to engage in the interactive process as required by the FEHA.

19          The FEHA makes it unlawful "[f]or an employer or other entity covered by this part to fail

20   to engage in a timely, good faith, interactive process with the employee or applicant to determine

21   effective reasonable accommodations, if any, in response to a request for reasonable

22   accommodation by an employee or applicant with a known physical or mental disability or known

23   medical condition."  Cal. Gov't Code § 12940(n).  So long as the employee is disabled and

24   qualified to perform his job duties, the employer has an affirmative duty "to explore further

25   methods of accommodation before terminating [the employee]."  *Humphrey*, 239 F.3d at 1137.

26   However, "an employer may be held liable for failing to engage in the good faith interactive

27   process only if a reasonable accommodation was available."  *Nadaf-Rahrov*, 166 Cal. App. 4th at

28

United States District Court
Northern District of California

14

979-81.  The good faith interactive process requires that "both sides must communicate directly, exchange essential information and neither side can delay or obstruct the process."  *Id.* at 984-85 (alterations omitted).  "[T]he trial court's ultimate obligation is to isolate the cause of the breakdown [in the interactive process] and then assign responsibility," so the employer may be liable only if the employer is responsible for the breakdown of the interactive process.  *Id.* at 985 (alterations omitted).

In the instant case, the undisputed evidence shows that Defendant did engage in the interactive process with Plaintiff.  Plaintiff acknowledges that in July 2013, October 2013, and March 2014, McCale discussed with Plaintiff that Plaintiff could take time off work so long as Plaintiff notified McCale by 9 a.m. any day that Plaintiff would be absent.  Alejandro Depo., Vol. I Part 2, at 122:1-5; Alejandro Depo., Exhs. Vol. I; Alejandro Decl. ¶¶ 22, 25.  McCale further informed Plaintiff that Plaintiff's parents or representative could contact McCale on Plaintiff's behalf when Plaintiff needed to be absent from work.  Alejandro Depo., Exhs. Vol. I.  In October 2013 and March 2014, McCale additionally directed Plaintiff to Defendant's disability benefits administrator, the phone number for a counseling program provided by Defendant's human resources department, Defendant's Employee Assistance Programs, and Defendant's leave of absence programs.  Alejandro Depo., Exhs. Vol. I; Alejandro Depo., Vol. I Part 2, at 160:9-12.  Plaintiff did not take advantage of any of these programs.  Alejandro Depo., Vol. I Part 2, at 160:9-12, 167:21-168:4, 201:7-10.  Furthermore, at no point did Plaintiff give McCale any indication that the accommodations offered by Defendant would not be sufficient, nor that Plaintiff could not provide notification to McCale by 9 a.m. any day Plaintiff would be absent.  Alejandro Decl. ¶ 25; Alejandro Depo., Vol. I Part 2 at 184:1-6, 189:4-14, 190:9-13.  The FEHA does not hold Defendant responsible for Plaintiff's failure to communicate essential information to Defendant, *Nadaf-Rahrov*, 166 Cal. App. 4th at 984-85 (holding that the interactive process requires both sides to "communicate directly" and "exchange essential information," such that the employer may be liable only if the employer is responsible for the breakdown of the interactive process).

Case No. 15-CV-01385-LHK
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

1    Therefore, the undisputed evidence shows that Defendant did engage in the interactive

2    process with Plaintiff, and the Court GRANTS summary judgment for Defendant on Plaintiff's

3    cause of action for failure to engage in the interactive process as required by the FEHA (claim

4    three).

5    **D.  Failure to Prevent Discrimination in Violation of the FEHA**

6    Defendant additionally moves for summary judgment on Plaintiff's fourth cause of action

7    for failure to prevent discrimination under the FEHA.  Under the FEHA, it is an unlawful

8    employment practice "[f]or an employer . . . to fail to take all reasonable steps necessary to

9    prevent discrimination and harassment from occurring."  Cal. Gov't Code § 12940(k).  To prevail

10    under § 12940(k), a plaintiff must show three elements: "1) plaintiff was subjected to

11    discrimination, harassment or retaliation; 2) defendant failed to take all reasonable steps to prevent

12    discrimination, harassment or retaliation; and 3) this failure caused plaintiff to suffer injury,

13    damage, loss or harm."  *Leland v. City & Cty. of S.F.*, 576 F. Supp. 2d 1079, 1103 (N.D. Cal.

14    2008).  Section 12940(k) applies to "an employer who knew or should have known of

15    discrimination or harassment" and "fail[s] to take prompt remedial action."  *Vierra v. Cal.*

16    *Highway Patrol*, 644 F. Supp. 2d 1219, 1245 (E.D. Cal. 2009).

17    In the instant case, the Court has already found that Defendant is entitled to summary

18    judgment on both of Plaintiff's claims for disability discrimination.  *See supra.*  Accordingly,

19    Plaintiff cannot satisfy the first element of a claim for failure to prevent discrimination—that

20    Plaintiff was subjected to discrimination.  *See Scotch v. The Art Institute of Calif.*, 173 Cal. App.

21    4th 986, 1021 (2009) ("An actionable claim under section 12940, subdivision (k) is dependent on

22    a claim of actual discrimination: 'Employers should not be held liable to employees for failure to

23    take necessary steps to prevent such conduct, except where the actions took place and were not

24    prevented.'").  Therefore, the Court GRANTS summary judgment in favor of Defendant on

25    Plaintiff's cause of action for failure to prevent discrimination in violation of the FEHA (claim

26    four).

27

28

United States District Court
Northern District of California

16

### E.  Violation of the CFRA and the FMLA

Defendant argues that Defendant is entitled to summary judgment on Plaintiff's fifth and eighth claims for violation of the CFRA and the FMLA, respectively.  Defendant raises the same arguments with regard to both the CFRA and the FMLA causes of action, so the Court addresses the CFRA and the FMLA claims together.

In order to succeed on Plaintiff's CFRA claim, Plaintiff must show that: "(1) the defendant was an employer covered by the CFRA; (2) the plaintiff was an employee eligible to take CFRA leave; (3) the plaintiff exercised [his] right to take leave for a qualifying CFRA purpose; and (4) the plaintiff suffered an adverse employment action, such as termination, fine, or suspension, because of [his] exercise of [his] right to CFRA leave." *Dudley v. Dep't of Transp.*, 90 Cal. App. 4th 255, 261 (2001).

Similarly, in order to succeed on Plaintiff's FMLA claim, Plaintiff must show that: "(1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him FMLA benefits to which he was entitled." *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011).

Both the CFRA and the FMLA require the employee to provide notice to the employer of the employee's intent to take leave. *McDaneld v. E. Mun. Water Dist. Bd.*, 109 Cal. App. 4th 702, 706 (2003).  FMLA leave requires the employee to provide the employer "at least 30 days advance notice before FMLA leave is to begin if the need for the leave is foreseeable."  C.F.R. § 825.302(a).  The CFRA requires the employee to "give reasonable advance notice" if the need for leave is foreseeable.  *McDaneld*, 109 Cal. App. 4th at 706; Cal. Gov't Code § 12945.2(h). Where the need for leave is unforeseeable, both federal and state laws require "such notice as is practicable, depending on the facts and circumstances of the case."  *McDaneld*, 109 Cal. App. 4th at 706; *Avila v. Continental Airlines, Inc.*, 165 Cal. App. 4th 1237, 1257 (2008); C.F.R. § 825.303(a).  "An employer may not deny leave for a medical emergency because the employee did not provide advance notice."  *Avila*, 165 Cal. App. 4th at 1257.

Case No. 15-CV-01385-LHK
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

United States District Court
Northern District of California

1    To constitute notice under the FMLA, "the critical question is whether the information

2    imparted to the employer is sufficient to reasonably apprise it of the employee's request to take

3    time off for a serious health condition." *Mora v. Chem-Tronics, Inc.*, 16 F. Supp. 2d 1192, 1209

4    (S.D. Cal. 1998) (alterations omitted) (quoting *Manuel v. Westlake Polymers Corp.*, 66 F.3d 758,

5    764 (5th Cir. 1995)). "[F]or employees who make their employers aware that they or a family

6    member suffers from a chronic illness, and subsequently call in sick because of that illness, a

7    generalized notice may suffice." *Id.* at 1210.

8    Similarly, under the CFRA, "[t]he employee need not expressly assert rights under CFRA

9    or FMLA, or even mention CFRA or FMLA, to meet the notice requirement; however, the

10   employee must state the reason the leave is needed." *Avila*, 165 Cal. App. 4th at 1256. The

11   employer must be on notice that the employee is requesting leave for a "serious health condition

12   that makes the employee unable to perform the functions of the position of that employee." *Gibbs*

13   *v. Am. Airlines, Inc.*, 74 Cal. App. 4th 1, 7 (1999). Merely calling in sick for cold or flu symptoms

14   is not sufficient. *Id.* at 7-9; *see also Avila*, 165 Cal. App. 4th at 1255. However, calling in sick

15   during an absence and providing hospital forms describing a serious health condition upon return

16   to work is sufficient notice. *Avila*, 165 Cal. App. 4th at 1258.

17   In the instant case, the undisputed evidence shows that Plaintiff did not meet the notice

18   requirements of the CFRA and the FMLA. Plaintiff did not notify Defendant in advance that

19   Plaintiff would be absent from March 31, 2014 through April 3, 2014. Alejandro Depo., Vol. II at

20   338:2-339:1, 339:9-340:8; Alejandro Depo., Exhs. Vol. II. Additionally, Plaintiff did not call in

21   sick or ask someone to call Defendant on his behalf on any of those four days of absence, even

22   though Plaintiff made 26 phone calls to individuals or entities other than McCale or Defendant.

23   Alejandro Depo., Vol. II at 338:2-339:1, 339:9-340:8; Alejandro Depo., Exhs. Vol. II. Thus,

24   unlike in *Avila*, upon which Plaintiff relies, Plaintiff did not call in sick during his absence from

25   March 31, 2014 through April 3, 2014. *See Avila*, 165 Cal. App. 4th at 1258 (holding that calling

26   in sick during an absence and providing hospital forms describing the illness upon return to work

27   is sufficient notice).

28

18

1    Moreover, two weeks prior to Plaintiff's termination, McCale encouraged Plaintiff to

2  consider taking a formal leave of absence, yet Plaintiff did not pursue McCale's suggestion.

3  Errata to Mot., Exh A; Alejandro Depo., Vol. I Part 2 at 201:7-21.  In fact, contrary to Plaintiff's

4  argument in opposition to Defendant's motion for summary judgment that Plaintiff requested a

5  leave of absence, *see* Opp. at 17, Plaintiff conceded at his deposition that Plaintiff never sought a

6  leave of absence in connection with Plaintiff's medical condition in March or April of 2014.

7  Alejandro Depo., Vol. I Part 2 at 201:7-21.

8    Thus, because Plaintiff never requested or sought a leave of absence, even after

9  Defendant—through McCale—suggested that Plaintiff consider taking a leave of absence,

10  Plaintiff never provided notice to Defendant that Plaintiff needed to take a leave of absence under

11  the CFRA or the FMLA.  *See McDaneld*, 109 Cal. App. 4th at 706 (holding that both the CFRA

12  and the FMLA require the employee to provide notice to the employer of the employee's intent to

13  take leave).

14    Therefore, the Court GRANTS summary judgment for Defendant on Plaintiff's causes of

15  action for violation of the CFRA (claim five) and the FMLA (claim eight).

16    **F.  Wrongful Termination**

17    Defendant additionally moves for summary judgment on Plaintiff's sixth cause of action

18  for wrongful termination in violation of California public policy.  To succeed on a claim of

19  wrongful termination, Plaintiff must show that Plaintiff's termination was in violation of public

20  policy.  *Holmes v. Gen'l Dynamics Corp.*, 17 Cal. App. 4th 1418, 1426-27 n.8 (1993).  The only

21  public policies Plaintiff alleges were violated by his termination are the provisions of the FEHA,

22  the ADA, the CFRA, and the FMLA that form the basis of Plaintiff's other causes of action.  *See*

23  Opp. at 17.  The Court has determined that Defendant is entitled to summary judgment on all of

24  Plaintiff's causes of action based on the FEHA, the ADA, the CFRA, and the FMLA.  *See supra*.

25  Therefore, Plaintiff has not shown that Plaintiff's termination was in violation of public policy, as

26  required of a claim for wrongful termination.  *See Holmes*, 17 Cal. App. 4th at 1426-27 n.8.

27    Accordingly, the Court GRANTS summary judgment for Defendant on Plaintiff's

28

United States District Court
Northern District of California

19

1   wrongful termination cause of action (claim six).

2   **G. Declaratory Relief and Punitive Damages**

3   Finally, Defendant argues that Defendant is entitled to summary judgment on Plaintiff's

4   claims for declaratory relief and punitive damages. Because the Court has determined that

5   Defendant is entitled to summary judgment on all of Plaintiff's causes of action, and because

6   Plaintiff's claims for declaratory relief and punitive damages are based upon these causes of

7   action, the Court also GRANTS summary judgment for Defendant on Plaintiff's claims for

8   declaratory relief and punitive damages.

9   **IV.   CONCLUSION**

10   For the foregoing reasons, the Court GRANTS Defendant's motion for summary

11   judgment.

12   **IT IS SO ORDERED.**

13

14   Dated: April 8, 2016

15   _Lucy H. Koh_____

16   LUCY H. KOH
     United States District Judge

Case No. 15-CV-01385-LHK
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT